## Peoples Bank of Springfield v. Mrs. Winnie Cocanaugher.

(Decided January 28, 1919.)

## Appeal from Washington Circuit Court.

1.  Exemptions—Specific Articles of Personalty.—In the absence of a statute creating exemptions, all property is subject to execution, hence, the right of the debtor to an exemption must be determined by the statute creating the exemption; and when specific arti-

cles of personal property are made exempt by statute from sale for the payment of a debt or debts of the owner, the courts are not authorized, by construction, to extend the exemption to other articles or different property.

2. Exemptions—Corn and Tobacco—Income Earned by Labor.— Neither corn nor tobacco produced by the debtor or his family is "income earned by labor," within the meaning of section 1697, Ky. Statutes, and is not exempt from coercive sale for the payment of the latter's debts, except when the debtor has not provender on hand suitable for the maintenance of his family or live stock, as in such case the corn or tobacco, or a sufficiency· of it for that purpose, may be exempted in lieu of the necessary provender not on hand.

3. Exemptions—Income Earned by Labor.—The "income earned by labor," contemplated by section 1697, Ky. Stats., is an income which can be measured in denominations of money, per month, the receipts being similar in character to such as are received from a salary or wages, although not necessarily payable at fixed times or in fixed amounts, but at the times and in the amounts the proceeds of labor may be received, as in the case of proceeds from the occupation of a mechanic and the like.

W. F. GRIGSBY and W. C. McCHORD for appellant.

H. W. RIVES and W. F. NEIKIRK for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Granting appeal; reversing.

This is an appeal from a judgment of the Washington circuit court whereby the appellee, Mrs. Winnie Cocanaugher, was awarded the proceeds of certain personal property, consisting of corn and tobacco, raised on the farm of her husband, W. R. Cocanaugher, and levied on under an execution for $413.67 in favor of appellant issued upon a judgment recovered by it against the husband in the Washington circuit court. Appellee claimed and was adjudged the proceeds of the corn and tobacco upon the ground that it was exempt from execution under section 1697 Ky. Stats. She obtained an injunction preventing the sale of the corn and tobacco under the execution. It is admitted that there were seventy-three barrels of corn, fifteen barrels the proceeds of which were applied to the payment of taxes owing by appellee's husband, and thirty-eight barrels retained as bread stuff for the family for a year and provender for certain stock owned by appellee or her husband; leaving twenty barrels

which were sold for $85.00. The tobacco was sold for $875.00. Whether the setting apart to appellee and family of a part of the corn and sale of the remainder and the tobacco was done under an order of the court or by agreement of the parties does not appear; but the facts stated as to the disposition of the property and amounts realized are shown by the judgment of the circuit court, which also recites that of the $960.00 thus realized for the corn and tobacco, $810.00 was allowed appellee by the judgment as exempt property, leaving $150.00 which was applied on the execution debt of the appellant bank.

Ky. Stats., section 1697, after declaring what articles of personal property, food stuff, provender for stock, etc., or their equivalent in other property, shall be exempt from execution, attachment, etc., to a person with a family, further exempts "ninety per cent of the salary, wages, or income earned by labor, of every person earning a salary, wages, or income of $75.00 or less per month, provided that the lien created by service of garnishment, execution or attachment, shall only affect ten per centum of such salary, wages, or income earned at the time of service of process; of the salary, wages or income earned by labor, of every person earning a salary, wages or income in excess of $75.00 per month, $67.50 per month and no more shall be exempt; provided, that these amended exemptions shall only apply in actions brought upon contracts entered into after the effective date of this act, and no provision of this law shall be construed to make it retroactive in effect."

The exemption of money allowed appellee by the judgment of the court below was made under the provisions of the statute quoted, as if she were at the time of the levy of the execution earning wages, salary or income in excess of $75.00 per month; the allowance being at the rate of $67.50 per month for as much as a year.

Appellee admits that her husband owns or did, in the year the corn and tobacco levied on by appellant's execution were produced, own the land upon which they were grown; and the petition fails to allege her ownership of the corn and tobacco exclusive of her husband. Her only claim to the property, as alleged in the petition, is that she, her husband and seven children compose a family; that the husband is financially able to do little for the support of the family; that the corn and tobacco were

produced mainly by the labor of herself and children,
and that the family, including the husband, herself and
children, are entitled to the property in question or its
proceeds, because it is needed for their support and is
exempt from execution. There is no claim that she is
earning wages or salary in the meaning of the statute,
or that she is entitled to the property in lieu of such
wages or salary. It is alleged, however, that the prop-
erty constituted, practically, her only income. We re-
gard it unnecessary to determine whether the petition,
even if the truth of its allegations were admitted, shows
such a right of action in appellee as would entitle her,
instead of the husband, to recover the property in ques-
tion. That question, therefore, is not decided. It is suf-
ficient to say, however, that we are compelled to deny
appellee the right of recovery asserted, for the reason
that we have already decided the exemption provided by
the statute cannot be claimed on the grounds urged by
her. The case in which the question was raised and de-
cided was that of Roberts v. Frank Carruthers and Bros.,
180 Ky. 315, in which the claim was made that
a crop of tobacco attached was exempt to the
debtor under section 1697, Ky. Stats., because
it was the sum total of his wages and income
for the year 1916, earned by his labor; that it
amounted to less than $75.00 per month; and that ninety
per centum of the tobacco or its value, was exempt from
the attachment and only ten per centum thereof, or its
value, was subject to the attachment. The opinion re-
jected each of these contentions, holding: (1) that a crop
of tobacco is not "income earned by labor," within the
meaning of section 1697, Ky. Stats., and is not exempt
from coercive sale for the payment of the owner's debts,
except when the debtor has not provender on hand suit-
able for the maintenance of his live stock, in which event
the tobacco or a sufficiency for that purpose, may be ex-
empted in lieu of the necessary provender not on hand;
(2) that the "income earned by labor," contemplated by
section 1697, Ky. Stats., is an income, which can be meas-
ured in denominations of money, per month, the receipts
being similar in character to that received from salary
or wages, although not necessarily payable at fixed times
or in fixed amounts, but at the times and in the amounts
the proceeds of labor may be received, as in the case of
proceeds from the occupation of a mechanic may arise,

and such like. Corn or other crops are no more exempt on the grounds urged by appellee than tobacco. Manifestly, the opinion in the case, *supra*, is conclusive of the instant case. Wherefore the appeal prayed is granted, the judgment reversed and cause remanded for such further proceedings as may be consistent with this opinion.